UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gary Pitzer, | ) | CASE NO. 1:16 MC 64 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Cinmar, LLC, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**INTRODUCTION**

This matter is before the Court upon Non-Party Petitioner's Motion to Quash Deposition Subpoena; or, in the Alternative, Motion for Protective Order (Doc. 1). This motion arises out of underlying patent litigation in the Northern District of California ("the California action"). For the reasons that follow, the motion is DENIED.

**BACKGROUND**

On October 20, 2015, Balsam International Limited and Balsam Brands Inc. ("Balsam") filed a complaint in the Northern District of California accusing Respondents Cinmar, LLC, d/b/a Frontgate and Grandin Road, and Frontgate Marketing, Inc. ("Frontgate") of patent infringement, trademark infringement, and various unfair competition violations. With respect to

the patent infringement claims, Balsam claimed Frontgate infringed multiple claims of U.S. Patent Nos. 8,0262,718 ("the '718 Patent") and 8,993,077 ("the '077 patent"). In opposing Balsam's motion for temporary restraining order early in the California action, Frontgate argued that all of the asserted claims of the '718 and '077 patents were invalid because the inventions claimed were offered for sale more than a year before the asserted patents' applicable priority date. *See* 3:15-cv-4289-WHO (N.D. Cal.) (Doc. 22, at 11-18).

Balsam thereafter filed Petitions for Certificates of Correction in the Patent and Trademark Office. In seeking to obtain corrected patent claims, Petitioner Gary Pitzer, patent prosecution counsel for Balsam, provided a declaration stating that the delay in seeking to claim an earlier priority date was unintentional. The PTO issued Certificates of Correction for the '718 Patent on May 17, 2016, and for the '077 Patent on October 4, 2016. Thereafter, Balsam amended its complaint in the California action to add the corrected patents. Once Balsam filed its amended complaint, Frontgate submitted its answer and counterclaim, asserting the affirmative defenses of inequitable conduct and unclean hands. The defenses are based in part on Pitzer's statements to the PTO during the prosecution of the Certificates of Correction. Balsam has moved to strike Frontgate's answer and counterclaims, and that motion is now pending before the California court. Balsam noticed the hearing date on the motion for January 4, 2016. Fact discovery in the California action is set to close on January 16, 2016.

Pitzer has moved to quash the deposition subpoena that Frontgate issued to him. Frontgate opposes the motion.

**STANDARD**

According to Rule 45 of the Federal Rules of Civil Procedure, a court must quash or modify a subpoena that does not allow a reasonable time to comply, requires compliance beyond specific geographical limits, requires disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). The court may also consider "whether (i) the subpoena was issued primarily for the purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case.'" *Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *2 (N.D. Ohio Feb.13, 2008) (quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir.2003) (citing cases)). The moving party bears the burden of showing that the subpoena violates Rule 45. *Id.* at *3. The decision of whether to quash a subpoena is within the sound discretion of the district court. *Thomas v. City of Cleveland*, 57 F. App'x 652, 654 (6th Cir. 2003).[1]

**ANALYSIS**

Pitzer argues that his deposition subpoena must be quashed because, as Balsam's patent counsel during the Certificates of Correction proceedings before the PTO, he was "exposed to litigation counsel's thoughts and strategy during the course of the litigation." He thus argues that his deposition "will almost certainly involve an inquiry into attorney-client privileged and work-product matters." In the alternative, Pitzer asks the Court to issue a protective order holding the

---

[1] Frontgate argues that Pitzer's motion to quash should be denied as untimely because he did not file the motion until nearly six weeks after Frontgate served the subpoena. Because the parties were attempting to negotiate a resolution without court intervention during this period, the Court will not deny the motion on this basis.

deposition in abeyance until the California court rules on Balsam's pending motion to strike. In response, Frontgate argues that Balsam identified Pitzer as a fact witness in its initial disclosures as someone with knowledge of the prosecution and maintenance of the '718 and '077 Patents, so it must be permitted to depose him on these same matters. With respect to its inequitable conduct defense, Frontgate notes that courts generally allow depositions of patent counsel where such a defense has been pled because counsel's state of mind is relevant to the defense. Finally, it argues that it has a legitimate need for Pitzer's testimony because its inequitable conduct claim can be based on his knowledge and actions during the PTO proceedings as they are imputable to Balsam.

The Court will not quash the subpoena. Frontgate is correct that many courts, including this one, have allowed depositions of patent counsel where a claim of inequitable conduct has been pled. As this Court stated in *Vita Mix Corp. v. Basic Holdings, Inc.*, "[T]he mere fact that one is an attorney does not insulate him from being subject to a deposition....In fact, depositions of attorneys in patent infringement and invalidity suits are not unusual." No. 1:06 CV 2622, 2007 WL 2344750, at *2 (N.D. Ohio Aug. 15, 2007) (citing *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 766 (6th Cir. 2005); (*In re Metoprolol Succinate Patent Litigation,* 2007 U.S.App. LEXIS 17463 (Fed.Cir. July 23, 2007) (taking note of in-house patent attorney's deposition testimony regarding disclosure of all material evidence to the patent office in connection with a charge of inequitable conduct); and *Paragon Podiatry Lab., Inc. V. KLM Labs, Inc.*, 984 F.2d 1182, 1193 (Fed. Cir. 1993) (same)).

In fact, the two cases that Pitzer cites in support of his motion to quash, *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 382-83 (D.D.C. 2011), and

*Games 2U, Inc. v. Game Truck Licensing, LLC*, No. MC-13-0053-PHX-GMS, 2013 WL 4046655, at *8 (D. Ariz. Aug. 9, 2013)), both recognize that courts generally permit the deposition of patent prosecution counsel in cases involving claims of inequitable conduct. Both *Sterne Kessler* and *Games 2U* cite a number of cases where courts allowed such a deposition to go forward because "a defense of inequitable conduct raised by the defendant...places at issue the knowledge and state of mind of the opposing party's patent counsel." *Games 2U*, 2013 WL 4046655, at *8. *Sterne Kessler* and *Games 2U* quashed the subpoenas at issue, however, because no inequitable conduct defense had been pled in the underlying actions. To the contrary, although Balsam has moved to strike Frontgate's inequitable conduct defense, there is no dispute that Frontgate has pled the defense and that it is properly before the California court.

The Court does not agree with Pitzer that the deposition must be quashed simply because the inequitable conduct claim arose after the California action was instituted. The court in *Sterne Kessler* found that the deposition there should not go forward because the inequitable conduct claim arose after the complaint had been filed and therefore patent counsel was "potentially privy to legal theories, thought processes and strategies underlying Apple's defense." 276 F.R.D. at 384. But in that case, Kodak did not identify the information that it sought to elicit from the petitioner, what benefit the information would provide, or the defenses (other than the proposed inequitable conduct defense) for which it sought the information. The court thus found that Kodak's mere assertion that counsel had "non-privileged, factual information" without specifying precisely what information it sought was insufficient to overcome the potential risks of permitting the deposition. *Id.* at 384-85. Frontgate is not going on the type of "fishing expedition" that Kodak was on in *Sterne Kessler*. Frontgate has identified the defenses for which

it seeks Pitzer's deposition (its inequitable conduct and unclean hands defenses); it has identified the information it seeks to elicit (the circumstances surrounding the filing of the certificates of correction and Pitzer's and Balsam's claims of unintentional delay); and the benefit it would provide (because Pitzer's knowledge and conduct is chargeable to Balsam, it is sufficient, by itself, to support a claim of inequitable conduct). The Court, therefore, agrees with Frontgate that it has a legitimate need for Pitzer's testimony that it cannot get from another source.

Finally, the Court will not issue a protective order holding the deposition in abeyance pending the California court's decision on Balsam's motion to strike. The fact discovery deadline, which this Court has no control over, is quickly approaching. Because Frontgate has a substantial need for Pitzer's testimony on its inequitable conduct claim–which is currently a part of the action–it will be prejudiced if it is not able to take Pitzer's deposition prior to the close of discovery.

**CONCLUSION**

For the foregoing reasons, Non-Party Petitioner's Motion to Quash Deposition Subpoena; or, in the Alternative, Motion for Protective Order (Doc. 1) is DENIED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/16/16